

SO ORDERED,

Judge Neil P. Olack
**United States Bankruptcy Judge**
**Date Signed: May 27, 2014**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **JAMES O. TURNER, JR.,** | **CASE NO. 09-14476-NPO** |
| **DEBTOR.** | **CHAPTER 13** |

## MEMORANDUM OPINION AND ORDER
## SUSTAINING OBJECTION TO DISCHARGE

This matter came before the Court for hearing on May 15, 2014 (the "Hearing") on the Debtor's Certification and Motion for Entry of Chapter 13 Discharge Pursuant to 11 U.S.C. § 1328(h) and (a) (the "Certification and Motion") (Dkt. 83) filed by James O. Turner, Jr. (the "Debtor") and the Objection to Debtor's Certification and Motion for Entry of Chapter 13 Discharge (the "Objection") (Dkt. 85) filed by Betty Turner in the above-styled bankruptcy case (the "Bankruptcy Case"). At the Hearing, Fredrick B. Clark represented the Debtor and Kathi Christman Wilson represented Betty Turner. The Court, being fully advised in the premises, finds that the Objection should be sustained for the reasons that follow.

### Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Notice of the Objection was proper under the circumstances.

**Facts**

1.      On August 31, 2009, the Debtor filed a petition for relief under chapter 13 of the U.S. Bankruptcy Code (Dkt. 1).

2.      On September 3, 2009, the Debtor filed the Chapter 13 Plan (the "Initial Plan") (Dkt. 6). On November 19, 2009, Betty Turner filed the Objection to Confirmation of Plan (Dkt. 27) on the grounds that the Initial Plan failed to list a debt to Betty Turner that derived from a consent order entered by the Leflore County Chancery Court (the "Chancery Court"). On December 29, 2009, the Debtor and Betty Turner entered into the Agreed Order on Objection to Confirmation of Plan (Dkt. 39), which required the Debtor to amend the Initial Plan to list Betty Turner's claim as a domestic support obligation ("DSO")[1] to be paid to Betty Turner directly. On March 12, 2010, the Court entered the Order Confirming the Debtor's Plan, Awarding a Fee to the Debtor's Attorney and Related Orders (the "Confirmation Order") (Dkt. 45). Attached to the Confirmation Order was the Amended Chapter 13 Plan (the "Amended Plan") (Dkt. 45 at 6-7), which included a DSO to be paid directly to Betty Turner in the amount of $125.00 per week.

---

[1] The Bankruptcy Code defines, in relevant part, "domestic support obligation" as a debt that is:

(A) owed to or recoverable by—
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; . . .
(B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record . . . .

11 U.S.C. § 101(14A).

3.      On October 14, 2013, Betty Turner filed the Motion to Grant Relief from the Automatic Stay (Dkt. 70) to allow her to proceed with a Motion for Contempt against the Debtor in the Chancery Court for the failure to make payments required by a previous divorce decree. The Court issued the Order Granting Motion for Relief from Automatic Stay (Dkt. 80) on December 18, 2013 enabling the contempt proceeding to continue in the Chancery Court.

4.      On March 31, 2014, Locke D. Barkley, the chapter 13 trustee, issued the Notice of Completion of Plan Payments. On April 2, 2014, the Debtor filed the Certification and Motion seeking a discharge of his debts pursuant to 11 U.S.C. 1328(a).[2] In the Certification and Motion, the Debtor certified that "[a]ll post-petition amounts owed by me on a domestic support obligation, if any, have been paid." Betty Turner filed the Objection on April 8, 2014 claiming that the Debtor is not current on his post-petition DSO and, as a result, is not eligible to receive a discharge.

5.      At the Hearing, the Debtor said that his statement in the Certification and Motion about being current on his post-petition DSO was an "oversight" and that he does not dispute that there is a delinquency[3] in his post-petition payments to Betty Turner. Betty Turner argues that § 1328 requires a debtor to be current on all of his post-petition DSO's before receiving a discharge. The Debtor argues that despite the arrearage in his post-petition DSO, he is entitled to a discharge because the automatic stay has been lifted to allow Betty Turner to proceed in the Chancery Court and, thus, there is a mechanism in place to ensure that Betty Turner will receive her delinquent payments.

---

[2] Hereinafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code, unless otherwise noted.

[3] While there is no dispute about the presence of a delinquency in the Debtor's post-petition DSO to Betty Turner, the Debtor claims that the specific amount of the arrearage is being disputed in the Chancery Court.

## Discussion

Section 1328(a) states the discharge provisions available to chapter 13 debtors who have completed all plan payments. *See* 11 U.S.C. 1328(a). Section 1328(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA") to "require that a debtor who owes a domestic support obligation *must*, in order to receive a discharge under that subsection, certify that all amounts required to be paid on the obligation prior to the certification have been paid." 8 COLLIER ON BANKRUPTCY ¶ 1328.LH[5] (16th ed. 2014) (emphasis added); *see also* H.R. Rep. No. 109-31(I) at 61 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 130 ("Bankruptcy Code section 1328(a) [is amended] to condition the granting of a chapter 13 discharge on the debtor's payment of certain postpetition domestic support obligations.").

The Debtor concedes that he is not current on his post-petition DSO to Betty Turner, but argues that he is entitled to a discharge because there are other mechanisms in place to enable Betty Turner to collect the DSO arrearage. The Court finds the Debtor's argument unpersuasive. The clear language of § 1328(a) requires that a debtor must certify that he is current on all post-petition DSO's in order to be eligible for a discharge of his debts. *See* 11 U.S.C. § 1328(a). The BAPCPA amendment to Section 1328(a) was intended to ensure that debtors pay all of their post-petition DSO's prior to the end of their bankruptcy case. The Debtor has not provided any authority in support of his assertion that there is an applicable exception to the DSO mandate in § 1328(a). In the instant case, the Debtor is not current on his post-petition DSO to Betty Turner. Therefore, the Court finds that he is precluded from receiving a discharge of his debts. For this reason, the Court finds that the Objection should be sustained.

**Conclusion**

For the above and foregoing reasons, the Court concludes that the Debtor's post-petition DSO arrearage precludes the Debtor from receiving a discharge. Consequently, the Objection should be sustained.

IT IS, THEREFORE, ORDERED that the Objection is hereby sustained.

##END OF ORDER##